IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

JAN 3 0 2012

CLERK, U.S. DISTRICT COURT

ALAN CROUCH, and

NORA CROUCH,

          **Plaintiffs,**

v.                                            CIVIL ACTION NO. 2:11cv433

BANK OF AMERICA, N.A., and

RECONTRUST COMPANY, N.A.
AND ALG TRUSTEE, L.L.C.,
AS SUBSTITUTE TRUSTEE,

          **Defendants.**

### *ORDER*

This matter is currently before the Court to resolve one objection to the Magistrate Judge's report and recommendation.

Plaintiffs, Alan and Nora Crouch, brought several claims in the Circuit Court for the City of Virginia Beach against Defendants, Bank of America, N.A. ("BOA"), and Recontrust Company, N.A. and ALG Trustee, L.L.C., as Substitute Trustee. Plaintiffs attempt to recover losses associated with BOA's refusal to modify Plaintiffs' loan according to the Home Affordable Modification Program ("HAMP").

On August 4, 2011, Defendants removed this case to this Court and filed a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs did not file an opposition to the motion and instead filed a Motion to Remand the case to the Circuit Court for

the City of Virginia Beach.

This Court, on October 5, 2011 and November 8, 2011, entered orders designating United States Magistrate Judge Tommy E. Miller ("Magistrate Judge Miller") to conduct hearings and submit proposed findings of fact and, if applicable, recommendations for the disposition of these motions.[1] On November 29, 2011, Magistrate Judge Miller filed his report and recommendation ("the Report") in which he recommended that Defendants' Motion to Dismiss be GRANTED and the Plaintiffs' Motion to Remand be DENIED. The Report also advised the parties of their right to file written objections to Magistrate Judge Miller's findings and recommendations. On December 19, 2011, Plaintiffs filed an objection to the Report, and on January 4, 2012, Defendants filed their opposition to Plaintiffs' objection.

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, on dispositive motions, a judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The phrase "de novo determination", as used in Rule 72, means that a district court judge must give "fresh consideration" to portions of the magistrate judge's report and recommendation. *United States v. Raddatz*, 447 U.S. 667, 675 (1980). In other words, " 'the Court should make an independent determination of the issues' and should not give any special weight to the prior determination." *Id.* (quoting *United States v. First City National Bank*, 386 U.S. 361, 368 (1967)). "The district judge may accept, reject, or modify the recommended decision; receive further evidence; or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

---

[1] Under 28 U.S.C. § 636(b)(1)(B), "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . ."

Plaintiffs only object to Magistrate Judge Miller's finding that Defendant Substitute trustee is a nominal party. The crux of Plaintiffs' objection is their belief that the Substitute trustee is a necessary party because Virginia law holds that any person appointed a substitute trustee may be proceeded against in the same manner as an original trustee. VA Code § 26-55. Defendants claimed that the Substitute Trustee was fraudulently joined to this litigation because the Plaintiffs have no claims against them.

In order to establish that Plaintiffs fraudulently joined the Substitute Trustee, Defendants must show either that Plaintiffs cannot establish a cause of action in state court against the Substitute Trustee, or that there has been an outright fraud in Plaintiffs' pleading of jurisdictional facts. *Payne v. Bank of Am.*, No. 3:09cv80, 2010 U.S. Dist. LEXIS 12076, at *8 (W.D. Va. Feb. 11, 2010) (citing *Baltimore Cnty. v. Cigna Healthcare*, 238 F. App'x 914, 920 (4th Cir. 2007)).

Plaintiffs cannot establish a cause of action against the Substitute Trustee. It is well-settled that there is no private right of action for violations of HAMP. *See, e.g., Mosley v. Wells Fargo Bank, N.A.*, 2011 WL 3439243 (E.D. Va. Aug. 5, 2011); *Sherman v. Litton Loan Servicing, L.P.*, 2011 U.S. Dist. LEXIS 71756, at *6 (E.D. Va. July 5, 2011); *Winn v. Chase Mortgage Services et al.*, No. 2:10cv359, at *5 (E.D. Va. Oct. 29, 2010); *Hoffman v. Bank of Am., N.A.*, No. C 10-2171 SI, 2010 U.S. Dist. LEXIS 70455, at *14-15 (N.D. Cal. June 30, 2010); *Marks v. Bank of Am., N.A.*, No. 3:10-cv-08039, 2010 U.S. Dist. LEXIS 61489-PHX-JAT, at *16 (D. Ariz. June 21, 2010). Plaintiffs attempt to circumvent HAMP by arguing that this is a breach of contract case. "Under Virginia law, a party claiming breach of contract must establish three elements to prevail: (1) a legally enforceable obligation under the contract, (2) a breach of that obligation, and (3) injury or damage to the plaintiff flowing from that breach."

3

*Sanders v. UDR, Inc.*, No. 3:10cv459, 2010 U.S. Dist. LEXIS, at *7 (E.D. Va. Oct. 4, 2010) (citing *Eplus Tech., Inc. v. Nat'l R.R. Passenger Corp.*, 407 F. Supp. 2d 758, 761 (E.D. Va. 2005); *Sunrise Continuing Care, LLC. v. Wright*, 671 S.E.2d 132, 135 (Va. 2009)). Plaintiffs have not provided the Court with sufficient evidence to establish that there was a legally enforceable obligation under a contract. A legally enforceable agreement is created upon "acceptance of an offer, as well as valuable consideration." *Montagna v. Holiday Inns, Inc.*, 269 S.E.2d 838, 844 (Va. 1980) (citations omitted). In their Complaint, Plaintiffs refer to BOA's "solicitation" on their website as sufficient evidence that BOA made an "irrevocable offer" to Plaintiffs. Compl. ¶¶ 22, 27, 29. However, "[a] mere expression of intention or general willingness to do something on the happening of a particular event or in return for something to be received does not amount to offer." *See Williston* on Contracts, Vol. 1, § 4.9. The solicitation was not directed at any party. Nothing in HAMP requires mortgage lenders or servicers to modify loans. *See, e.g., Pennington v. PNC Mortgage*, No. 2:10cv361, 2010 U.S. Dist. LEXIS 143157, at *13. Having found no evidence of a mutually agreed upon promise between the parties, the Court concludes that no contract exists.

While Plaintiffs argue that the substitute trustee should be joined to this litigation in the same fashion as an original trustee, there is no evidence that the substitute trustee has ever held title to the property, taken any action regarding foreclosure proceedings, or committed any acts against the Plaintiffs. There has been no foreclosure sale in this case. A party has been joined as a nominal party when the Plaintiff cannot, in any way, establish a cause of action against that party. The Substitute Trustee has never had any interest in the property. Therefore, the Plaintiffs are incapable of establishing any cause of action against them.

The Court has carefully and independently reviewed the record in this case and the objections to the Report. Having done so, the Court finds that there is no merit to the objections of the Plaintiffs. Accordingly, the Court does hereby accept the findings and recommendations set forth in Magistrate Judge Miller's report in the case at bar.

It is, therefore, **ORDERED** that Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Motion to Remand is **DENIED.**

This case is hereby **DISMISSED** with prejudice.

The Clerk of the Court is **DIRECTED** to send a copy of this Order to counsel of record.

**IT IS SO ORDERED.**

Raymond A. Jackson
United States District Judge

Norfolk, Virginia
January 30, 2012